PER CURIAM.
This cause is before us on appeal from an order entered by the Department of Health and Rehabilitative Services (HRS) approving certificates of need (CONs) for the establishment of two new medicare certified home health agencies in District XI. We affirm.
Appellant, St. John’s Home Health Agency (St. John’s), has raised three issues, only one of which merits discussion: whether medicaid and indigent patient need may be considered when reviewing a CON application for medicare certification.
HRS granted the two CONs based on a weighing of the criteria set forth in Section 381.494(6)(c), Florida Statutes. In weighing the criteria, HRS concluded that appel-lees, Mt. Sinai Medical Center and Medical Personnel Pool, Inc., demonstrated that existing providers of home health services are not adequately meeting the needs of indigent and medicaid eligible persons, and that Mt. Sinai and Medical Personnel Pool will address that unmet need.
In pertinent part, HRS relied on the hearing officer’s finding in the recommended order that:
There is a need for medicaid and indigent home health services that can only be addressed if medicare certification is granted. The medicare certification is necessary to establish an adequate financial balance which allows provision of the medicare and indigent services. Medicare certification is necessary if medicaid reimbursement is to be available. Medicare certification is necessary for provision of services to certain HMO and insurance pay patients. Finally, medicare certification is necessary to receive certain grant funds.
It is concluded that an actual need exists for services to medicaid and indigent patients that can only be addressed if medicare certification is granted. Both Mt. Sinai and MPP [Medical Personnel Pool] propose to address this unmet need. It is concluded that there is an unmet need which will be addressed by Mt. Sinai and MPP if they are medicare certified.
We find that it is not error for HRS to consider indigent and medicaid need when reviewing a CON application for a medicare home health agency. Having reviewed the record, we also find the final order is supported by competent, substantial evidence. Accordingly, we affirm.
BOOTH, C.J., and ERVIN and SMITH, JJ., concur.